FILED
2016 Mar-29  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **XPANSION HOLDINGS, LLC** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **THE RETAIL COACH, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

The Plaintiff Xpansion Holdings, LLC ("Xpansion Holdings" or "Plaintiff") files this Complaint for trademark infringement and trademark cancellation, or, in the alternative, a declaration of non-infringement, against the Defendant The Retail Coach, LLC ("Retail Coach").

## PARTIES

1.     Plaintiff Xpansion Holdings, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in Birmingham, Alabama.  All of the members of Xpansion Holdings are citizens of Alabama.

2.     Defendant The Retail Coach, LLC is a limited liability company formed under the laws of Mississippi, with its principal place of business in Tupelo, Mississippi.  Upon information and belief, the Retail Coach's only member is a citizen of Mississippi.

{JX192908.3}

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction over this action based upon 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121 of the Lanham Act which provides in part, "The district . . . courts of the United States shall have original jurisdiction . . . of all actions arising under [the Lanham Act], without regard to amount in controversy or to diversity or lack of diversity of the citizenship of the parties." This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202 because declaratory relief is appropriate under the circumstances of this civil action.   This Court has supplemental jurisdiction over the claims not arising under federal law pursuant to 28 U.S.C. § 1367.

4.     This Court alternatively has subject-matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 because there is complete diversity in that the Plaintiff is not a citizen of the same state as Retail Coach and because the value of the matter in controversy exceeds seventy-five thousand dollars, exclusive of interest and costs.

5.     This Court has personal jurisdiction over Retail Coach because, upon information and belief, Retail Coach has conducted and continues to conduct substantial amounts of business in Alabama, including in Jefferson County, and has used and continues to use the mark "Retail:360" in connection with those ongoing and systematic business activities.

6.     Venue is proper in this judicial district and division under 28 U.S.C. § 1391.

## FACTS

7.     Over the past fifteen years, Xpansion Holdings has provided software and software-based services offering customized research, marketing and consulting services to every sector involved in retail development and redevelopment.

8.     Xpansion Holdings markets its goods and services to a broad array of consumers, including site consultants, commercial realtors, utility companies, economic and workforce developers, retailers, financial institutions, market research companies, chambers of commerce, and federal, state, and local governments.

9.     Xpansion Holdings markets its goods and services to consumers in multiple states across the country, including Alabama, through a variety of channels, including Internet-based marketing, traditional print media, trade shows, and word of mouth.

10.     Beginning at the latest in August 2009, Xpansion Holdings has used the mark, "Research360," in interstate commerce as a source identifier for its aforementioned goods and services.

11.     The use of the mark, "Research360," by Xpansion Holdings and related companies has been continuous and uninterrupted since the use of the mark began in August 2009, at the latest.

12.     Accordingly, Xpansion Holdings possesses common law rights in the mark, "Research360."

13.     Through its continuous use of the "Research360" mark for more than 6 years, Xpansion Holdings has built up substantial goodwill in the "Research360" mark, and the relevant consumers have come to recognize "Research360" as the source for trustworthy and high-quality research, marketing and consulting services in the retail development and redevelopment industry.

14.     Beginning at the latest in February 2011, Xpansion Holdings has used the mark, "r360," as a derivative of the "Research360" mark in interstate commerce as a source identifier for its aforementioned goods and services.

15.     The use of the mark, "r360," by Xpansion Holdings and related companies has been continuous and uninterrupted since the use of the mark began in February 2011, at the latest.

16.     Accordingly, Xpansion Holdings possesses common law rights in the mark, "r360."

17.     Through its continuous use of the "r360" mark for more than 4 years, Xpansion Holdings has built up substantial goodwill in the "r360" mark, and the

relevant consumers have come to recognize "r360" as the source for trustworthy and high-quality research, marketing and consulting services in the retail development and redevelopment industry.

18.    r360, LLC, a related company to Xpansion Holdings within the meaning of 15 U.S.C. § 1055, was formed in September 2015 with the purpose of continuing to deliver customized, cost-effective research, marketing and consulting services to every sector involved in retail development and redevelopment, including the public sector, developers, commercial brokers, property owners, retailers and tenant reps, under the "Research360" and "r360" marks.

19.    Use of the r360 mark by r360, LLC has further expanded the recognition by consumers of the "Research360" mark and the "r360" mark, a derivative of the "Research360" mark, in connection with the Plaintiff's goods and services.

20.    r360, LLC markets its goods and services to consumers in multiple states across the country, including Alabama, through a variety of channels, including Internet-based marketing, traditional print media, trade shows, and word of mouth.

21.   In addition to use of the word marks, "Research360" and "r360," Plaintiff and r360, LLC also use the following design marks in connection with their goods and services identified herein:




22.   According to its website, Retail Coach is a national retail consulting, market research, and development firm that provides its services to over 375 communities across 29 states, including Alabama.

23.   A March 7, 2016 screenshot of one of Retail Coach's websites, located at the domain name theretailcoach.net, demonstrates Retail Coach's self-described presence across numerous states, including Alabama:



24. Another Retail Coach website, located at the domain name retail360.us, claims to be the "community dashboard site" for Retail Coach and it lists, among others, information regarding services provided by Retail Coach to the city of Center Point in Jefferson County, AL; the city of Demopolis in Marengo County, AL; and the city of Jackson in Clarke County, AL.

25. On April 25, 2014, Retail Coach submitted an application to the U.S. Patent and Trademark Office for registration of the mark, "Retail:360."

26. In its trademark application, Retail Coach claimed that the mark, "Retail:360," "was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/30/2009, and first used in commerce at least as early as 11/30/2009 . . . ."

27. On December 16, 2014, the U.S. Patent and Trademark Office issued a trademark registration to Retail Coach for the mark, "Retail:360," Registration No. 4,655,856, in International Class 35 for "Business research and consultation services provided to communities, namely, providing and analyzing retail data and retail market information, providing information on retailers, and providing information on potential retail tenants and business strategy on how to recruit potential retail tenants."

28. Subsequent to receiving this trademark registration, Retail Coach filed suit against r360, LLC in the United States District Court for the Northern District

of Mississippi, Civil Action No. 1:16cv00032-SA-DAS (the "Mississippi Litigation"), alleging that r360, LLC's use of the "r360" mark infringes on Retail Coach's "Retail:360" mark. Xpansion Holdings is not a party to the Mississippi Litigation. While both r360, LLC and Xpansion Holdings deny that r360, LLC's use of the "r360" mark infringes on any rights of Retail Coach, to the extent that it does, Retail Coach's use of the "Retail:360" mark must likewise infringe on Xpansion Holding's senior "Research360" mark and its "r360" mark.

29.    According to a Retail Coach's website, Retail Coach uses the mark, "Retail:360," to describe a five-step research and analysis "program" for its retail consulting, market research and development services, which supposedly "identifies strengths and weaknesses of [a] community to attract retail and highlights [a] community's advantage over competing cities."

30.    Upon information and belief, Retail Coach markets its services offered under the mark, "Retail:360," through Internet-based marketing, traditional print media, and trade shows, among other potential channels.

31.    As set forth above, Retail Coach's use of the mark "Retail:360" mark is likely to cause consumer confusion with Plaintiff's "Research360" mark and its "r360" mark.

32.    Retail Coach's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm

both to Plaintiff and consumers, who have an interest in being free from confusion, mistake, and deception.

33.    Plaintiff has suffered actual damages in excess of $75,000.00 in an amount to be proven at trial.

34.    Plaintiff has no adequate remedy at law.

## COUNT I
### TRADEMARK INFRINGEMENT OF UNREGISTERED MARKS AND UNFAIR COMPETITION UNDER THE LANHAM ACT

35.    Plaintiff incorporates by reference and realleges the allegations and averments in the preceding paragraphs of the Complaint.

36.    Retail Coach's use in commerce of its "Retail:360" mark, in connection with its commercial activities, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Retail Coach with the Plaintiff, or as to the origin, sponsorship, or approval of Retail Coach, its goods/services, and its commercial activities, by or with Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT II
### TRADEMARK INFRINGEMENT OF UNREGISTERED MARKS AND UNFAIR COMPETITION UNDER STATE LAW

37.    Plaintiff incorporates by reference and realleges the allegations and averments in the preceding paragraphs of the Complaint.

38.     Retail Coach's activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Plaintiff's marks and constitute unfair competition in violation of state common law.

**COUNT III**
**CANCELLATION OF RETAIL COACH'S TRADEMARK**

39.     Plaintiff incorporates by reference and realleges the allegations and averments in the preceding paragraphs of the Complaint.

40.     As described above, Retail Coach's use of its "Retail:360" mark in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Retail Coach with the Plaintiff, or as to the origin, sponsorship, or approval of Retail Coach, its goods/services, and its commercial activities, by or with Plaintiff.

41.     Additionally, there exist other registered and unregistered trademarks incorporating the terms "retail" and "360" such that Retail Coach should not be entitled to a federal registration to its "Retail:360" mark.

42.     For each of the above reasons, Retail Coach's registration should be cancelled by the Court pursuant to 15 U.S.C. § 1119.

## COUNT IV
## DECLARATORY JUDGMENT

43.    Plaintiff incorporates by reference and realleges the allegations and averments in the preceding paragraphs of the Complaint.

44.    Pursuant to 28 USC § 2201 and F.R.C.P. 57, the Court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

45.    Because of the Mississippi Litigation and Plaintiff's ownership of the "r360" mark at issue in that case, a justiciable controversy exists as to the respective rights of Xpansion Holdings and Retail Coach in the marks "Research360," "Retail:360," and "r360."

46.    Plaintiff is the senior user of the mark, "Research360," and claims prior use over Retail Coach's use of its mark, "Retail:360."

47.    Plaintiff also used the marks, "Research360" and "r360," prior to Retail Coach's April 25, 2014 application for federal trademark registration of the mark, "Retail:360."

48.    As a result of its senior and prior use of the marks in interstate commerce, which use has been continuous and uninterrupted, Plaintiff is entitled to a declaration from the Court that use of the "r360" mark is not infringing on Retail

Coach's "Retail:360" mark and that Plaintiff is entitled to use the marks, "Research360" and "r360," uninterrupted by Retail Coach.

49.    Alternatively, Plaintiff prays for a declaration of non-infringement of Retail Coach's mark because the marks, "Research360" and "r360," on the one hand, and the mark, "Retail:360," on the other hand, are distinct and dissimilar marks that are not likely to cause consumer confusion, such that the Court should also declare that Plaintiff is entitled to use the marks, "Research360" and "r360," uninterrupted by Retail Coach.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff demands judgment against Retail Coach respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

a.    A Judgment declaring that Plaintiff is entitled to use its marks "Research 360" and "r360" uninterrupted by Retail Coach because Plaintiff's use of those marks is senior to Retail Coach's use of its "Retail:360" mark and prior to Retail Coach's application for federal trademark registration of its "Retail:360" mark.

b.    Additionally, the Court should enter a Judgment declaring that Plaintiff is not infringing Retail Coach's mark by its use of "Research 360" and

"r360" and that Plaintiff is entitled to continue using such marksuninterrupted by

Retail Coach because Plaintiff's marks are distinct and dissimilar from Retail

Coach's mark and there is no likelihood of consumer confusion.

## ALTERNATIVE PRAYER FOR RELIEF

Alternatively, the Plaintiff demands judgment against Retail Coach as

follows:

c.     A Judgment holding that Retail Coach's actions described above

infringe Plaintiff's marks, "Research360" and "r360," and that Retail Coach's

actions constitute trademark infringement, false designation of origin, passing off,

and unfair competition under federal, state, and common law as detailed above.

d.     A Judgment cancelling Retail Coach's trademark registration for the

mark, "Retail:360," Registration No. 4,655,856, pursuant to 15 U.S.C. § 1119 and

directing the U.S. Patent and Trademark Office to cancel said registration because

Retail Coach's mark is likely to cause confusion and/or because there exist other

registered and unregistered trademarks incorporating the terms "retail" and "360."

e.     A Judgment permanently enjoining Retail Coach and its employees,

agents, officers, directors, shareholders, subsidiaries, related companies, affiliates,

distributors, dealers, and all persons in active concert or participation with any of

them from (1) using "Retail:360" or any other trademarks, trade names, logos, and

other names or identifiers that are the same as or confusingly similar to Plaintiff's

marks, "Research360" and "r360," in any manner or form, in connection with any goods or services; and (2) representing or suggesting, by any means whatsoever, directly or indirectly, that Retail Coach, any goods or services offered by Retail Coach, or any activities undertaken by Retail Coach, are sponsored or approved by, or are associated, affiliated, or connected with Plaintiff in any way.

f.     A Judgment requiring Retail Coach to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives.

g.     A Judgment directing Retail Coach to file with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions.

h.     A Judgment requiring Retail Coach to account for and pay to Plaintiff any and all profits arising from or related to Retail Coach's unlawful acts.

i.     A Judgment requiring Retail Coach to pay Plaintiff the full amount of damages caused by Retail Coach's unlawful acts.

j.     A Judgment requiring Retail Coach to pay Plaintiff its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

k.     Any other relief as the Court may deem appropriate.

Respectfully submitted,

XPANSION HOLDINGS, LLC

By Its Attorneys,
GALLOWAY SCOTT MOSS & HANCOCK, LLC

By: _____
       Walter F. Scott, III

WALTER F. SCOTT, III
WILLIAM K. HANCOCK
GALLOWAY SCOTT MOSS & HANCOCK, LLC
2200 Woodcrest Place  Suite 310
Birmingham AL  35209
Tel.: (205) 949-5580; Fax: (205) 949-5581
wfs3@gallowayscott.com
will.hancock@gallowayscott.com

EMILY SIDES BONDS (ASB-9610-N77E)
PAUL O. WOODALL, JR. (POW070)
JONES WALKER LLP
1819 5th Avenue North, Suite 1100
Birmingham, AL  35203
Tel.: (205) 244-5276; Fax: (205) 244-5400
ebonds@joneswalker.com
pwoodall@joneswalker.com